1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re LINEAR TECHNOLOGY
CORPORATION DERIVATIVE
LITIGATION

This Document Relates To:

    ALL ACTIONS

_____/

No. C-06-3290 MMC

**ORDER GRANTING LINEAR
TECHNOLOGY CORPORATION'S
MOTION TO DISMISS CONSOLIDATED
SHAREHOLDER DERIVATIVE
COMPLAINT; DENYING AS MOOT
INDIVIDUAL DEFENDANTS' MOTION TO
DISMISS; DISMISSING COMPLAINT
WITH LEAVE TO AMEND; VACATING
HEARING**

Before the Court are two motions, both filed October 4, 2006, to dismiss the

Consolidated Shareholder Derivative Complaint filed by lead plaintiffs David Eisenberg and

Laberta Lyle:  (1) defendant Linear Technology Corporation's ("Linear") motion to dismiss,

pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure; and

(2) defendants Paul Coghlan ("Coghlan"), Clive B. Davies ("Davies"), Robert C. Dobkin

("Dobkin"), David S. Lee ("Lee"), Lothar Maier ("Maier"), Leo T. McCarthy ("McCarthy"),

Richard M. Moley ("Moley"), Robert H. Swanson, Jr. ("Swanson"), and Thomas S. Volpe's

("Volpe") (collectively, "Individual Defendants") motion to dismiss, pursuant to Rules 9(b)

and 12(b)(6) and the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Plaintiffs

have filed opposition to each motion; Linear and the Individual Defendants have filed

replies.  Having considered the papers filed in support of and in opposition to the motions,

1  the Court deems the matter appropriate for resolution without oral argument, see Civil L.R.
2  7-1(b), VACATES the December 15, 2006 hearing, and rules as follows.

3                                          **BACKGROUND**

4         Plaintiffs, who assert they are shareholders of Linear, allege the "Committee
5  Defendants"[1] purported to grant stock options to the "Officer Defendants"[2] on seven dates
6  during the period 1995 through 2002, (see Compl. ¶ 27), but that, in reality, "at the behest
7  of the Officer Defendants, the Committee Defendants improperly backdated the stock
8  option grants to make it appear as though the grants were made on dates when the market
9  price of Linear stock was lower than the market price on the actual grant dates," (see
10 Compl. ¶ 32).  According to plaintiffs, the alleged backdating "resulted in option grants with
11 lower exercise prices, which improperly increased the value of the options to the Officer
12 Defendants and improperly reduced the amounts the Officer Defendants had to pay
13 [Linear] upon exercise of the options."  (See id.)  Plaintiffs also allege the Individual
14 Defendants "falsely reported the dates of stock option grants to the Officer Defendants" in
15 proxy statements filed with the Securities and Exchanges Commission, (see Compl. ¶ 36),
16 and "produced and disseminated to Linear shareholders and the market false financial
17 statements that improperly recorded and accounted for the backdated option grants," (see
18 Compl. ¶ 33.d.).  Based on such allegations, plaintiffs, seeking to proceed derivatively on
19 behalf of Linear, allege the Individual Defendants breached their respective fiduciary duties
20 to Linear, (see Compl. ¶ 54), and violated federal securities laws, (see Compl. ¶ 60), and
21 the Officer Defendants have become unjustly enriched, (see Compl. ¶ 64).

22        Plaintiffs allege that before instituting the instant action, they did not make a demand
23 for relief from the six directors of Linear.  (See Compl. ¶ 49.)[3]  According to plaintiffs, such

24  _____

25        [1]Plaintiffs refer to Lee, McCarthy, Moley and Volpe collectively as the "Committee
   Defendants."  (See Compl. ¶ 19.)

26        [2]Plaintiffs refer to Swanson, Maier, Coghlan, Davies and Dobkin collectively as the
27 "Officer Defendants."  (See Compl. ¶ 14.)

28        [3]Plaintiffs allege that Swanson, Maier, Lee, McCarthy, Moley and Volpe were the
   directors at the time plaintiffs instituted the instant action.  (See Compl. ¶ 50.)

                                              2

1    demand would have been "futile" because the Board is "incapable of making an

2    independent and disinterested decision to institute and vigorously prosecute this action,"

3    (see Compl. ¶ 49), and because "the misconduct complained of [by plaintiffs] was not, and

4    could not have been, an exercise of good faith business judgment," (see Compl. ¶ 51).

5                                    **DISCUSSION**

6    **A.  Linear's Motion to Dismiss**

7             Linear moves to dismiss the Complaint on the ground plaintiffs have failed to plead,

8    with the particularity required by Rule 23.1, facts to excuse plaintiffs' failure to make a pre-

9    suit demand on the Board.

10            Federal Rule of Civil Procedure 23.1 provides that when a shareholder files a

11   derivative action seeking to "enforce the right of a corporation," the shareholder must

12   "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the

13   plaintiff desires from the directors . . . and the reasons for the plaintiff's failure to obtain the

14   action or for not making the effort."  See Fed. R. Civ. P. 23.1 (emphasis added).  Stated

15   otherwise, the shareholder "must first demand action from the corporation's directors or

16   plead with particularity the reasons why such demand would have been futile."  See In re

17   Silicon Graphics Inc. Securities Litig., 183 F. 3d 970, 989 (9th Cir. 1999).

18            The "law of the state of incorporation" sets the standard for determining whether a

19   shareholder's failure to make a pre-suit demand should be excused.  See id. at 990.  Here,

20   the parties agree Linear is incorporated in Delaware.  "To show futility under Delaware law,

21   a plaintiff must allege particularized facts creating a reasonable doubt that (1) the directors

22   are disinterested and independent, or (2) the challenged transaction was otherwise the

23   product of a valid exercise of business judgment."  Id. (citing Aronson v. Lewis, 473 A. 2d

24   805, 814 (Del. 1984).)

25        **1.  Directors Not Disinterested and Independent**

26            "Under the first prong of the Aronson test, the court reviews the factual allegations of

27   the complaint to determine whether they create a reasonable doubt as to the

28   disinterestedness and independence of the directors at the time the complaint was filed."

                                          3

1   Blasband v. Rales, 971 F. 2d 1034, 1051 (3d Cir. 1992).  "A director's interest may be

2   shown by demonstrating a potential personal benefit or detriment to the director as a result

3   of the decision."  Beam v. Stewart, 845 A. 2d 1040, 1049 (Del. 2004).  A director is not

4   "independent" if the director does not base a decision "on the corporate merits of the

5   subject before the board," but, rather, on "extraneous considerations or influences."  See

6   Aronson, 473 A. 2d at 816.  Where, as here, there are six directors, the plaintiff must plead

7   particularized facts to raise a reasonable doubt that three of those directors are

8   disinterested and independent.  See Beam, 845 A. 2d at 1046.

9        In its motion, Linear appears to concede, at least for purposes of the instant motion,

10  that plaintiffs have sufficiently alleged two of the six directors, specifically, Swanson and

11  Maier, are "interested" in the stock options, in light of plaintiffs' allegation that Swanson and

12  Maier received the stock options at issue herein.  (See Linear's Mot. at 6:25 - 7:4.)  Linear

13  argues, however, that plaintiffs have failed to allege particularized facts showing that any of

14  the other four directors is interested in the subject transactions or otherwise failed to act

15  independently.  In opposition, plaintiff argues that all four remaining directors, specifically,

16  the four Committee Defendants, are "interested" because they "face a substantial likelihood

17  of liability" for their having approved the stock options.  (See Pls.' Opp. at 8:2-4.)

18       An allegation that a director will be subject to "personal liability" for having approved

19  the challenged transaction is "insufficient to excuse demand" in the absence of

20  "particularized facts" indicating the director breached his fiduciary duties.  See Aronson,

21  473 A. 2d at 817.  General allegations that a director breached fiduciary duties are

22  "insufficient to demonstrate that the [director] engaged in conduct that resulted in a

23  substantial risk of personal liability."  See Silicon Graphics, 183 F. 3d at 990.

24       Here, plaintiffs allege the four Committee Defendants "backdated the stock option

25  grants" at issue herein, (see Compl. ¶ 31), made "false financial statements in certain

26  "Form 10-K" documents, (see Compl. ¶ 34), and "falsely reported the dates of stock option

27  grants" in certain "proxy statement" documents, (see Compl. ¶ 36).  As to the latter,

28  plaintiffs provide no particularized allegations in support of their general allegation that the

4

Committee Defendants made false statements or reports.  With respect to the allegation of "backdating," the only factual allegation offered by plaintiffs is that on seven occasions over a period of seven years, stock options were dated "just after a sharp drop" in Linear's stock and "just before a substantial rise," (see Compl. ¶ 31), which, plaintiffs allege, constitutes a "striking pattern that could not have been the result of chance," (see id.).  Because plaintiffs provide no facts as to how often and at what times the Committee Defendants have granted stock options in the past, no "pattern," let alone a "striking" one, is apparent.

Moreover, plaintiffs have failed to allege facts as to how the asserted backdating affected the price the Officer Defendants ultimately paid for the stock, and, as a consequence, have failed to demonstrate, let alone with particularity, that the Committee Directors' approval of the options harmed Linear.  See Aronson, 473 A. 2d at 817 (holding plaintiff's allegation directors were subject to personal liability because they approved a "wasteful agreement" insufficient to excuse plaintiff from making pre-suit demand, in light of plaintiff's having failed to "allege particularized facts indicating that the agreement is a waste of corporate assets").

Accordingly, plaintiffs have failed to plead, with the particularity required by Rule 23.1, that a reasonable doubt exists as to whether any of the four Committee Directors is disinterested or independent.  See Silicon Graphics, 183 F. 3d at 990 (holding allegation that directors "engaged in a fraudulent scheme to inflate the value of [corporation's] stock and facilitate profitable insider trading" and "benefitted from the inflated value of [corporation's] stock" not sufficiently particularized to excuse plaintiff from making pre-suit demand on directors); see also Blasband, 971 F. 2d at 1049 (holding "plaintiff may not bootstrap allegations of futility merely by pleading that the directors participated in the challenged transaction").

**2. Transactions Not Product of Valid Exercise of Business Judgment Rule**

As discussed above, under Delaware law, where a plaintiff is unable to show the directors are interested and lack independence, such plaintiff nevertheless will be excused from making a pre-suit demand by showing the challenged transaction is "otherwise" not

1    the product of a valid exercise of business judgment.  Silicon Graphics, 183 F. 3d at 990.

2    "Under the business judgment rule, directors are presumed to make sound business

3    decisions, and to inform themselves properly prior to making those decisions."  Id.

4            Plaintiffs argue that because they have sufficiently alleged the Committee Directors

5    backdated stock options and, thereafter, made false statements in certain documents,

6    plaintiffs have raised a reasonable doubt as to whether the Committee Directors are

7    protected by the business judgment rule.  As discussed above, however, plaintiffs have not

8    pleaded particularized facts concerning such activity.  See id. (holding where plaintiff failed

9    to plead "with particularity" that directors approved issuance of false statements or insider

10   trading, plaintiff failed to raise reasonable doubt as to whether such conduct was protected

11   by business judgment rule).

12           Accordingly, plaintiffs have failed to plead, with the particularity required by Rule

13   23.1, that a reasonable doubt exists as to whether the conduct at issue is protected by the

14   business judgment rule.

15   **B.  Individual Defendants' Motion to Dismiss**

16           The Individual Defendants argue that the Complaint should be dismissed because

17   plaintiffs have not pleaded their federal securities claims in conformity with the PSLRA, that

18   plaintiffs have not pleaded their state law claims in conformity with Rule (9)(b), and that, in

19   any event, all claims are barred by the applicable statutes of limitations.

20           In light of the dismissal of the Complaint for failure to allege with the requisite

21   particularity grounds on which to excuse plaintiffs' failure to make a pre-suit demand, the

22   Court does not reach the arguments made by the Individual Defendants.[4]

23           Accordingly, the Individual Defendants' motion to dismiss will be denied as moot.

24   _____

25           [4]In the event plaintiffs amend their Complaint, plaintiffs are cautioned that their
     federal securities claims must be pleaded in conformity with the PSLRA, which requires
26   plaintiffs to, inter alia, allege "with particularity all facts" on which their claims are based,
     see 15 U.S.C. § 78u-4(b)(1), including disclosure of plaintiffs' sources, see In re Silicon
27   Graphics, Inc. Sec. Litig., 970 F. Supp. 746, 763-64 (N.D. Cal. 1997) (holding plaintiff must
     allege "confidential informants, employees, competitors, government employees, members
28   of the media, and others who have provided information leading to the filing of the case"),
     aff'd, 183 F. 3d 970 (9th Cir. 1999).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the reasons set forth above:

1.  Linear's motion to dismiss is hereby GRANTED, and the Complaint is hereby DISMISSED, with leave to amend, no later than January 5, 2007, in conformity with this Order.

2.  The Individual Defendants' motion to dismiss is hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated: December 7, 2006

_____
MAXINE M. CHESNEY
United States District Judge

7